IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALCOLM B. FUTHEY, ) | |
| ) | CASE NO. 1:14 CV 463 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED TRANSPORTATION ) | |
| UNION INSURANCE ASSOCIATION, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery, and Plaintiff's Second Motion to Compel Discovery. (ECF #15, 22). Defendant opposes both motions. (ECF # 18, 23). In his first motion, Plaintiff seeks production of documents described in discovery requests numbered 3, 8, 9, 12, 19, and 20. In response to each of these requests, Defendants purported to withhold documents based on privilege, attorney work product protection, and/or lack of relevancy. More specifically, Plaintiffs seek production of the "Nelson Levine" report, documents showing communications between the Defendants and the Ohio Department of Insurance, emails relevant to the claims and defenses in this case, documents relating to any

alleged breach of duty by Plaintiff, documents relating to any offset or recoupment alleged against Plaintiff, and any other non-privileged responsive documents. The Second Motion to Compel Discovery seeks to compel witnesses to answer specific categories of questions that have been asked during depositions.

I.  Plaintiff's First Motion to Compel

   A.  Non-Privileged Documents

Defendant is hereby ordered to produce any and all non-privileged documents that contain any information relating to the relationship between Defendant ("UTUIA") and the United Transportation Union ("UTU") or the UTU's Voluntary Short-Term Disability Plan ("the Plan"); any information relating to Defendant's denial of reimbursement; and, any information relating to Defendant's affirmative defenses. This includes, but is not necessarily limited to: (1) the documents requested in Plaintiff's Request for Discovery Numbers 3 and 19; (2) non-privileged documents provided to the Ohio Department of Insurance, or the Department of Labor; and, (3) any documents stemming from or provided in connection with any internal investigation that were not created at the specific request of Defendant's attorney(s).

Plaintiff's requests for these documents appear to be tailored to the claims and defenses asserted by the parties in this case, and are calculated to lead to the discovery of admissible evidence. To the extent that Request No. 3 may seek information not yet fully available, disclosures should be made on a rolling basis as responsive documents are uncovered. If Defendant believes that all responsive documents have already been produced, they shall submit an affidavit to that effect by that date. Further, if any documents previously disclosed to third-

parties are still being claimed as privileged, and are not subject to disclosure to the extent set forth below, Defendant shall provide an updated privilege log to the Plaintiff identifying all parties included in the correspondence or to whom the document has been provided and asserting the specific basis for the asserted privilege.

      B.      Potentially Privileged Documents

The attorney-client privilege is narrowly construed and applies only where necessary to protect communications necessary to the dispensation of legal advice. *See, Ross v. City of Memphis*, 423 F.3d 596, 601 (6th Cir. 2005); *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997); *In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996). The privilege does not protect disclosures that would have been made without regard to privilege, nor does it cover communications from the attorney to the client that do not involve attorney work product. *In re Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). Relevant non-privileged facts and information do not become privileged simply by having an attorney disclose or repeat them to their client. Further, even where privilege exists, it may be waived by the client. The party asserting privilege bears the burden of establishing not only the existence of privilege, but that such privilege has not been waived. *In re OM Group Securities Litigation*, 226 FRD 579, 590-92 (N.D. Ohio 2005); *US v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).

The protections of privilege are waived if privileged information is voluntarily disclosed to a third-party, including a governmental agency, or if privileged information is injected into the proceeding by the party asserting the privilege. *See, e.g., OM Group Securities*, 226 FRD 579. Injection of privileged information can occur when the party asserting privilege uses such information as the basis for its defense. *Otterbein College v. Continental Ins. Co.* 2010 WL

2196450, at *3 (S.D. Ohio June 1, 2010). Further, a waiver as to some communications extends to all communications on the same subject matter. *Id*.

In addition to the protection of privilege, there is a protection against disclosure of attorney work product.  Factual work product (i.e. information uncovered during an attorney's investigation), as opposed to an attorney's legal conclusions or legal opinions may be discoverable if it is  "relevant to the subject matter involved in the pending litigation" and the requesting party has "substantial need of the materials . . . and is unable without due hardship to obtain the substantial equivalent by other means."  *OM Group Securities* at 584, citing *Toledo Edison, Co. v. G.A. Technologies, Inc*., 847 F.2d 335 (6th Cir. 1988).  Work product may also be waived by asserting it into the case.  *U.S. v. Skeddle*, 989 F.Supp. 917, 921 (N.D. Ohio 1997).

Defendant has waived any protection of privilege to any responsive information that has been provided or otherwise communicated to a third-party, outside the scope of a joint defense agreement.  Therefore, any responsive documents that have been provided to the Department of Labor or the Ohio Department of Insurance shall be produced.  Defendant argues that some of the information provided to the Department of Labor was provided by the attorneys for other defendants and that this Defendant did not waive privilege.  However, Plaintiff has provided information, not contested by Defendant, that indicates Defendant had the ability to challenge such disclosures under the joint defense agreement and that it did not do so.  This operates, for purposes of this case, as a waiver of the privilege and those documents are discoverable.  Further, witnesses should be instructed to answer questions about any such documents at deposition, and should be instructed to answer questions based on other documents that have been provided to or otherwise communicated to any other third parties.

It also appears from the information obtained by the parties that portions of the Nelson Levine report sought by the Plaintiffs may be discoverable.  Defendants are to produce the report to the Court for an *in camera* review.   Further, deposition witnesses must answer questions about facts that may be contained in the Nelson Levine Report.  Any questions aimed at disclosing the legal conclusions or legal advice by counsel need not be answered, but the facts underlying the investigation and report are not protected and questions relating to the discovery of any such facts should be fairly answered.  Finally, any non-privileged information relayed to the witnesses by an attorney, from a third party is discoverable.  The mere fact that an attorney repeats non-privileged information gathered from a third party does not convert third party information into privileged material.

For the above reasons, Plaintiff's Motion to Compel Discovery (ECF #15) is GRANTED in PART, and Plaintiff's Second Motion to Compel Discovery (ECF #22) is GRANTED. Any outstanding responses shall be provided on or before May 18, 2015.  Defendant shall file an affidavit attesting that it has fully provided all responsive documents by that date.  Further, the Nelson Levine Report shall be submitted to the Court no later than May 4, 2015 for *in camera review*.  IT IS SO ORDERED

      /s/ Donald C. Nugent
Donald C. Nugent
United Stated District Judge

Date:   April 27, 2015