IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALCOLM B. FUTHEY, JR., | ) | CASE NO. 1:14 CV 463 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED TRANSPORTATION UNION | ) | |
| INSURANCE ASSOCIATION, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to compel production of the "Report of the Internal Investigation of the United Transportation Union's Insurance Association's and United Transportation Union's Procurement of the 2010 Voluntary Short Term Disability Benefit Plan for It's Members," prepared by Nelson Levine de Luca & Hamilton LLC, ("Nelson Levine") on September 27, 2013. (ECF #15). Defendant, United Transportation Union Insurance Association ("UTUIA") objects to the request for disclosure on the grounds that the document is protected as attorney work product and/or attorney client privilege. (ECF #18). The Court previously order UTUIA to submit the requested document for *in camera* review. (ECF #30).

The sections of the report entitled "United Transportation Union/Insurance Association –

Governance and Administration" (pgs. 18-31),[1] "Board of Directors" (pgs. 32- 37, line 2),[2] and "Facts"(pgs. 38- 56) contain a recitation of the facts relevant to the investigation based on interviews with employees, officers, and board members of the UTUIA and the United Transportation Union ("UTU") as well as various non-privileged documents including the by-laws, code of ethics, employee manuals and Constitutions for the UTUIA and/or the UTU.

Privilege is narrowly construed and extends only to communications made in order to obtain legal advice. Privilege does not cover disclosures which would have been made even in the absence of the privilege. See, Ross v. City of Memphis, 423 F.3d 596, 601 (6th Cir. 2005); In Re Antitrust Grand Jury, 805 F.2d 155, 162 (6th cir. 1986). The burden of proving privilege falls on the party asserting it. *U.S. v. Dakota*, 197 R.3d 821, 825 (6th Cir. 1999). The sections set forth above, and their referenced sources (with the exception of the segments noted in footnotes 1 and 2 to this opinion) do not appear to contain legal advice; were apparently disclosed by the author not only to the defendant UTUIA, but to third-party UTU; include information conveyed by parties who were not, themselves, seeking or receiving legal advice, and, contain information that may be the basis for some of the affirmative defenses claimed by the Defendant in this case.[3]

---

[1] The "Key Findings" section found at the start of this section contains summaries and statements of opinion constituting protected attorney work product under Fed. R. Civ. Pro. 26(3)(B).

[2] The "Key Findings" section in this portion of the report, as well as Section B entitled "The UTU/IA Boards' Duty of Oversight and Reasonable Inquiry" go beyond a mere recitation of facts and include opinion and/or legal conclusions constituting protected work product and or legal advice under Fed. R. Civ. Pro. 26(3)(B).

[3] It is also worth noting that at the time this investigative report was commissioned, Plaintiff, Mr. Futhey was on the Board of UTUIA and appears to have been involved in the decision to hire outside counsel to conduct this investigation, and would presumably have

With regard to the asserted attorney/client privilege, generally, any privileged information injected into the proceedings as the basis for its defense, by the party asserting privilege, is waived. *In re OM Group Securities Litigation*, 226 FRD 579, 590-92 (N.D. Ohio 2005). To the extent that the information obtained and reported in the Nelson Levine Report supports their asserted affirmative defenses, including alleged violations of UTUIA policies by the Plaintiff, they are discoverable, even if they would otherwise have been privileged. Further, much, if not all of the factual information contained in the report was obtained from people who were not, themselves, seeking legal advice from Nelson Levine and who would not benefit from any privilege asserted by UTUIA/UTU, the entities who commissioned the investigation and report.

With regard to the work product privilege asserted by Defendant pursuant to Fed. R. Civ. Pro. 26, Defendant bears the burden of showing that the investigation and report were created in anticipation of litigation and not just for business purposes. *See, Guardsmark, Inc. V. Blue Cross and Blue Shield of Tennessee*, 206 F.R.D. 202, 209 (W.D. Tenn. 2002). It is unclear from the parties' briefs whether the internal investigation at issue was done for business purposes or in anticipation of litigation by or for UTUIA. Although litigation did ensue, there is no reason to believe that UTUIA would have anticipated the current indemnification litigation at the time the investigation was commissioned. Further, even if the report were produced in anticipation of litigation or trial, section 26(3)(A) provides that factual portions of an attorney's work product are discoverable if they are relevant to the subject matter involved in the pending litigation and if the requesting party has substantial need of the materials and cannot obtain them by other means without undue hardship. *Toledo Edison, Co. v. G.A. Technologies, Inc.*, 847 F.2d 335 (6th Cir.

---

been entitled to see the results.

1988). In this case, the factual sections set forth above, as well as the interviews and other documentation cited therein, contain information that may be relevant to the Plaintiff's case and/or to the defenses asserted by UTUIA. Further, it would be difficult, if not impossible, to accurately recreate the information voluntarily obtained through interviews up to three years ago, prior to the filing of civil and criminal charges associated with the events at issue in the investigation. In addition, Fed. R. Civ. Pro. 26(3)© requires Defendant to turn over any prior statements made by the Plaintiff. The report withheld by Defendant clearly contains statements made by Mr. Futhey, and is based, in part, on interviews he provided to the investigating firm.

Therefore, Defendant is ordered to produce pages 18-56 of the Nelson Levine Report, excluding the "Key Findings" on page 18, excluding the "Key Findings" on page 32-33, and excluding Section B under "Board of Directors," entitled "The UTU/IA Boards' Duty of Oversight and Reasonable Inquiry" on pages 36-37. Further, deposition questions may be directed at the factual information contained in these portions of the report and supporting documentation. No disclosure(s) made in compliance with this order shall operate as a waiver of the privileged status of other portions of the report. IT IS SO ORDERED.

*Donald C. Nugent*
Donald C. Nugent
United Stated District Judge

Date: May 19, 2015