IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALCOLM B. FUTHEY, | ) | CASE NO. 1:14 CV 463 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED TRANSPORTATION | ) | |
| UNION INSURANCE ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |

This matter is before the Court on Motion for Partial Summary Judgment. (ECF # 38), and Defendant's Amended Motion for Summary Judgment (ECF #43). Both motions have been fully briefed and are ready for disposition. (ECF # 44, 47, 49, 51). The parties also argued their motions to the Court at a hearing held on December 22, 2015. (ECF #54). Having considered all of the arguments of the parties, and having reviewed the undisputed facts and applicable law, the Court finds that both motions should be DENIED.

**<u>Facts</u>**[1]

---

[1] Except as otherwise cited, the factual summary is based on the parties' statements of fact.

Plaintiff, Mr. Futhey, was Board Chairman and President of United Transportation Union Insurance Association ("UTUIA")from 2008 through September 2013. During the same period, he was also President and Chairman of the United Transportation Union ("UTU"). In October of 2009, in consideration of his agreement to continue serving as a director of UTUIA, Mr. Futhey entered into an "Indemnification Agreement" ("Agreement") with the UTUIA. Section 2.1 of the Agreement provided that UTUIA will "advance reasonable expenses and indemnify [Mr. Futhey]... if [Mr. Futhey] was or is a party, witness, or other participant, or is threatened to be made a party, witness, or other participant, to any Proceeding ... by reason of [Mr. Futhey's] Corporate Status, against all Expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred by [Mr. Futhey] or on [his] behalf in connection with such Proceedings." (ECF #39-6 pg. 3, §2.1).

According to the terms of the Agreement "Corporate Status" means "the fact that a person served or is serving as a director of the Company or, at the request of the Company, served or is serving as a director, officer, employee or agent of any firm, corporation or organization." "Expenses" are defined to include "reasonable attorneys' fees" as well as other listed fees, costs, and expenditures "incurred in connection with (a) prosecuting, defending, preparing to prosecute or defend, investigating, settling or appealing a Proceeding..." and "(b) being prepared to be a witness or otherwise participating in a Proceeding or (c) enforcing a right under this Agreement..." (ECF # 39-6 pg. 2, § 1). The Agreement further defines a "Proceeding" as "any threatened, pending or completed action, suit, arbitration, alternate dispute resolution mechanism,

---

Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

-2-

investigation, inquiry, administrative hearing or any other threatened, pending or completed proceeding, whether civil, criminal, administrative or investigative, in which [Mr. Futhey] was, is or would be involved as a party or otherwise (including, without limitation, as a witness) by reason of [his] Corporate Status."  (ECF #39-6, pg. 3, § 1).

The Agreement requires UTUIA to "advance all 'Expenses' incurred by or on behalf of [Mr. Futhey] in connection with any 'Proceeding' prior to the final disposition of such Proceeding upon receipt of an undertaking by or on behalf of [Mr. Futhey] to repay such amount if it shall ultimately be determined that [he] is not entitled to be indemnified by the Company."  (ECF #39-6, pg. 4, § 3.1).  Further, any advancement of Expenses pursuant to Section 3.1 are required to be made "within ten days after the receipt by the Company of a written statement ... requesting such advancement."  (ECF # 39-6, pg. 4, § 3.2).

To the extent that a request for expenses is not an advance, but a reimbursement of "Expenses" already paid, indemnification payments "shall be made as soon as practicable after written demand... but in no event later than (a) 30 days after such demand is presented or (b) such later date as may be permitted for the determination of entitlement to indemnification."  (ECF #39-6, pg. 5,  § 5.1).

Finally, the Agreement sets forth the procedures and presumptions for determining whether Mr. Futhey is entitled to indemnification for a particular request.  When he believes he is entitled to indemnification, Mr. Futhey is required to submit a written request, including documentation and information reasonably necessary to determine his entitlement to indemnification.  (ECF #39-6, pg. 5,  § 5.2).  The Company is then required to promptly notify the Board, in writing, that Mr. Futhey has requested indemnification.  The reviewing party, in

-3-

making a determination, "shall presume that [Mr. Futhey] is entitled to indemnification under [the] Agreement."  Anyone seeking to overcome this presumption must prove that he is not entitled to indemnification "by clear and convincing evidence." (ECF #39-6, pg. 5, §5.4). Generally, if the reviewing party fails to make a determination within thirty days of a request for indemnification, Mr. Futhey is entitled to indemnification. (ECF #39-6, pg. 6, §5.6).   The Agreement also provides that if the issue of entitlement to indemnification is raised in a judicial proceeding, both Mr. Futhey and the Company "shall stipulate" that they are bound by the presumptions and procedures set forth in the Agreement.  (ECF #39-6, pg. 8, §7.4).

Mr. Futhey has been issued subpoenas in connection with Department of Labor investigations.  Pursuant to the Agreement, he has submitted to the UTUIA multiple request for indemnification and advancement of the costs and expenses he has incurred in connection with those investigations.  The UTUIA has refused to provide indemnification or advancement of those costs and expenses.

The parties both appear to agree that at least one of the investigations is related to a voluntary short term disability plan ("VSTD") offered to UTU members.  Plaintiff contends that the VSTD was administered by UTUIA, that UTUIA employees were involved in the choosing of the VSTD policy, and that "there is a relationship" between UTUIA and the VSTD plan offered by the UTU.  Further, he alleges that UTUIA's Board members were improperly offered money by the broker of the VSTD plan.  Defendant alleges that UTUIA is in no way connected to the VSTD plan and any investigation into the choosing or administration of that plan does not involve UTUIA or its directors.  They contend that to the extend Mr. Futhey has been involved in any proceedings or has incurred any expenses, it has been by reason of his role as a director of

-4-

UTU and not by reason of his role as a director of UTUIA.  There appears to be no dispute that UTUIA and UTU jointly hired a law firm to investigate the allegations of improper payments.

Mr. Futhey argues that he is entitled to summary judgment on UTUIA's liability under the Agreement, because UTUIA did not timely determine that indemnification was not warranted, and because it cannot overcome the presumption of coverage required by the Agreement.  Plaintiff further contends that the issue of which expenses were incurred by reason of his Corporate Status is not a question of liability but goes only to the extent of damages.  He concedes that the damages issue is triable.  Defendant contends that it is entitled to summary judgment in its favor because Mr. Futhey cannot prove that the costs and expenses he has submitted for indemnification were incurred by reason of his Corporate Status.  They argue that his involvement in the investigations stems solely from his role in the UTU and is unrelated to his status as board member of the UTUIA.

### **Summary Judgment Standard**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56©.  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©).  A fact is

"material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to

examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249.  The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

## Analysis

### I. Timeliness

Pursuant to the clear and unambiguous language of the Indemnification Agreement, "[i]f the Reviewing Party shall not have made a determination within 30 days after receipt by the Company of the request [for indemnification], the requisite determination of entitlement to indemnification shall be deemed to have been made and [Mr. Futhey] shall be entitled to indemnification" absent certain circumstances not alleged in this case.  (ECF #39-6, pg. 6, § 5.6).  "'When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties.'"  *Goodyear Tire & Rubber Co. v. Lockheed Martin Corp.*, ___ Fed. Appx. ___, 2015 WL 4567545 (6th Cir. July 30, 2015); *see also Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 509

N.E.2d 411, 413 (1987)("The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.").[2]

Mr Futhey contends that the "Reviewing Party," in this instance, did not make a determination within thirty days of his October 25, 2013 request, and he is, therefore, entitled to indemnification for the expenses referenced in that request without need for any further determination. If it is true that the "Reviewing Party" failed to make a determination within the specified thirty day period after a proper request was made, they are required to indemnify Mr. Futhey for that request, whether or not it would otherwise qualify for indemnification under the terms of the Agreement.

Defendant, however, alleges that a determination was made within the required time frame. Although they do not contest that they failed to notify Mr. Futhey of this determination within the thirty days, the contract does not specifically require the decision be communicated to Mr. Futhey within any specific time frame. Because there is a material factual dispute as to when the determination to deny Mr. Futhey's request was made, and because neither party has provided indisputable proof their position, the question of whether Section 5.6 of the Agreement mandates indemnification for the expenses sought in Mr. Futhey's October 25, 2013 request remains an issue that cannot be resolved on summary judgment.

### II. Burden of Proof

One of the main issues Plaintiff seeks to resolve through his summary judgment motion is the applicability of the burden shifting and heightened evidentiary standards contained in the

---

[2] Ohio law applies to the interpretation of the contract in this case.

Agreement.  Section 5.4 of the Agreement specifically shifts the burden to UTUIA to disprove Mr. Futhey's entitlement to any expenses timely submitted for indemnification by clear and convincing evidence.  Section 7.4 of the Agreement precludes Defendant from challenging this standard and the heightened burden of proof if the issue is brought to the Court for determination.  (ECF #39-6, pg. 8, § 7.4).  Defendant argues that these shifting provisions do not apply unless and until Mr. Futhey first supplies "prima facie evidence of his entitlement to indemnification by making a good faith request for indemnification for expenses that were in fact incurred by reason of his status as a director of the UTUIA."  (ECF #47, pg. 14).  However, no where in the Agreement is such a requirement articulated, nor would it make any sense in context of the Agreement as a whole.

Pursuant to the terms of the Agreement, the only requirement placed on Mr. Futhey is that he submit a written request, including documentation and information reasonably necessary to determine his entitlement to indemnification.  (ECF #39-6, pg. 5, § 5.2).  There has been no allegation that Mr. Futhey failed to make a timely written request, or that he failed to produce the necessary documentation. Rather, Defendant claims that the request failed to make apparent on its face that the expenses were incurred by reason of Mr. Futhey's UTUIA "Corporate Status."  The Agreement does not include any such requirement that the validity of his request be facially apparent.    Once a request has been submitted, the Company is required to promptly notify the Board, in writing, that Mr. Futhey has requested indemnification.  (ECF #39-6, pg. 5, § 5.2). The reviewing party, in making a determination, "shall presume that [Mr. Futhey] is entitled to indemnification under [the] Agreement."  (ECF #39-6, pg. 5, § 5.4).  Further, anyone seeking to overcome this presumption must prove that he is not entitled to indemnification "by clear and convincing evidence."  (Id.).  If Mr. Futhey were required to provide prima facie proof that he was

-10-

entitled to indemnification before the Company even had a duty to make submit the request for a determination, this presumption, explicitly and clearly provided for in the Agreement, would be meaningless.[3]  Therefore, under the clear and unambiguous language of the Agreement, Defendant has the burden of disproving Mr. Futhey's entitlement to any requested expenses by clear and convincing evidence.

### III.  Eligibility of Expenses/Corporate Status

Both parties have submitted some evidence to support their claims with regard to the eligibility of Mr. Futhey's request for indemnification under the Agreement, however neither side has provided definitive proof of their position.  Even applying the shifted burden and heightened standard of proof provided for in the Agreement, there are a multitude of factual questions remaining that would affect which, if any, of the claimed expenses qualify for indemnification under Section 2.1 of the Agreement.  These questions cannot be resolved at this stage of the litigation and are best determined by a jury following a full trial.

### **Conclusion**

---

[3]

  Defendant contended that applying the presumption as it is written would lead to absurd and unacceptable results.  However, if the parties bargained for such terms coming from positions of equal power, and stated them clearly and unequivocally, the consequences of the presumptionare presumed to have been considered and the potential or apparent absurdity of the results is not an issue the Court is permitted to alter.  Further, the allegedly absurd consequences foretold by the Defendant are not actually possible under the terms of the Agreement.  Defendant argued that if the presumption were applied, Mr. Futhey could submit any expense he incurred anywhere in his life, including his personal electric bill, grocery bill, or dog registration and UTUIA would presumptively have to pay it.  This is an absurd argument.  Even if Mr. Futhey did submit such clearly unrelated expenses, the UTUIA could quickly and easily deny those requests even applying the presumption and burden of proof set forth in the Agreement.  There is no way that a request for Mr. Futhey's dog registration or other personal expense would be paid because the UTUIA could easily show it was unrelated to his Corporate Statue by clear and convincing evidence.

For the reasons set forth above, both Plaintiff's and Defendant's motions for summary judgment are DENIED.  There remains a material question of fact as to whether Mr. Futhey is entitled to indemnification under the Agreement.  That determination is, however, subject to the procedures and presumptions set forth in Section Five of the Agreement.  The burden shifting provisions of Section 5.4 apply to any request for indemnification that was timely submitted in accordance with the procedural provisions set forth in Section 5.2 of the Agreement.   Trial of this matter is set for February 22, 2016 at 8:30 a.m..  A trial order will issue.   IT IS SO ORDERED.

     /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  January 26, 2016