UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED

2017 FEB 10  PM 2: 18

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

MALCOLM B. FUTHEY, JR.,                    )        CASE NO. 1:14 CV 463
                                           )
                                           )        JUDGE DONALD C. NUGENT
              Plaintiffs,                  )
v.                                         )
                                           )        MEMORANDUM OPINION
UNITED TRANSPORTATION UNION                )        AND ORDER
INSURANCE ASSOCIATION,                     )
                                           )
              Defendant.                   )

       This matter is before the Court on Defendant's Motion For Judgment as a Matter of Law

pursuant to Fed. R. Civ. P. 50(b). (ECF #89).[1]  On November 23, 2016, following a six day trial,

the twelve member Jury returned a unanimous Verdict for the Plaintiff, Malcolm Futhey against

the Defendant, United Transportation Union Insurance Association ("UTUIA") on Plaintiffs'

claim for breach of contract based on UTUIA's refusal to provide him indemnification, and

assessed damages in the amount of $291,658.00.  The Court accepted the Jury's Verdict and

entered Judgment in favor of Plaintiffs and against the Defendant UTUIA in that amount.

---

[1]

Defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 at the
close of Plaintiffs' case and renewed the motion at the close of all evidence.  At the close
of Plaintiff's case, the Court granted that motion with regard to Plaintiff's claims under
Counts II and III (breach of covenant of good faith and fair dealing, and injunction), and
granted it as to the claims for breach of contract based on failure to advance expenses.
However, the breach of contract claim based on failure to indemnify was allowed to go
forward.  After all evidence had been presented, the Court reserved ruling on Defendant's
renewed motion for judgment on the breach of contract claim relating to the failure to
indemnify. (ECF # 96, Page ID #3634, 3660-61; ECF # 97, PageID #3816).

## STANDARD OF REVIEW

Fed. R. Civ. P. 50 provides in relevant part that :

> If a party has been fully heard on an issue during a jury trial and the
> court finds that a reasonable jury would not have a legally
> sufficient evidentiary basis to find for the party on that issue, the
> court may:
>
> > (A) resolve the issue against the party; and
> >
> > (B) grant a motion for judgment as a matter of law against
>
> the party on a claim or defense . . .

Fed.R.Civ.P. 50(b) provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. The "standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2537, p. 347 (footnote omitted).

That is, judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000); see also Fed. Civ. R.50(b). "The Court is not free to weigh the parties' evidence or to pass upon the credibility

2

of witnesses.  Nor may the Court substitute its own judgment for that of the jury.... When the evidence would permit reasonable minds to differ on the issues decided, a motion for judgment as a matter of law must be denied.  In short, every effort must be made to uphold the verdict if reasonably possible." *In re Scrap Metal Antitrust Litigation*, No. 1:02 CV 0844, 2006 WL 2850453, at *8 (N.D. Ohio Sept. 30, 2006).

## DISCUSSION

Defendant UTUIA asserts that it is entitled to judgment as a matter of law because Plaintiff failed to present any evidence of damages recoverable on his breach of contract claim, and failed to present sufficient evidence of a breach of any obligation to indemnify him.  Plaintiff presented evidence upon which the jury could find that he satisfied his obligations under the indemnification agreement, that his involvement in the relevant investigation was "by reason of his corporate status," and that under the circumstances of this case and the terms of the agreement the UTUIA was obligated to indemnify Mr. Futhey for his expenses related to the investigation.  Further, Mr. Futhey presented evidence of damages he incurred by way of attorney's fees and other costs as a result of UTUIA's failure to indemnify him.

Having carefully reviewed all of the briefing submitted by the parties, and the transcripts of the trial, the Court finds that there is a legally sufficient evidentiary basis for a reasonable jury to find for Mr. Futhey on his breach of contract claim and to award damages in the amount assessed.  This Court will not re-weigh the evidence or substitute its judgment for that of the Jury.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for a Judgment as a Matter of Law, (ECF #89) is DENIED.   In addition, Defendant's Motion to Stay Execution Pending Disposition of the Motion for Judgment as a Matter of Law (ECF #91) is, therefore, DENIED as moot.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _February 10, 2017_

4