IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALCOLM B. FUTHEY, ) | CASE NO.  1:14 CV 463 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED TRANSPORTATION UNION ) | |
| INSURANCE ASSOCIATION, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on the Plaintiff's Motion for Prejudgment Interest (ECF #88).  Defendant filed a Response in opposition to the motion (ECF  #98), and Plaintiff filed a Reply in support of his request.  (ECF #103).  Pursuant to O.R.C. § 1343.03, Plaintiff is entitled to pre-judgment interest, calculated at the rates established by O.R.C. § 5703.47, from the date the indemnity payment became due until the date of the final judgment in this case.  *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 341 (Ohio 1998); *see also, Lincoln Elec. Co. v. St. Paul Fire and Marine Ins. Co.*, 210 F.3d 672, 693 (6th Cir. 2000).   Interest is granted in order to make the plaintiff "whole because he has been denied the use of money which was his." *Price v. Bd. of Trs. Of the Ind.. Laborer's Pension Fund*, S.D. Ohio No. 2:07-CV-0933, 2009 U.S. Dist. LEXIS 120938, at *5-6 (July 2, 200).  In this case, the jury awarded damages for expenses incurred as a direct result of Defendant's breach of contract.  The contract required Defendants to

indemnify Mr. Futhey for all expenses actually and reasonably incurred in connection with the investigation at issue, and the jury found that amount to be $291,658.00.  Defendants argument that $124,000.00 in "tax penalt[ies]" should be excluded from this amount is unavailing.  There is no dispute that Mr. Futhey had to pay this additional amount to access funds in order to cover the expenses that the jury found should have been paid by Defendant under the indemnification agreement.  Therefore, it is part of the money to which he was denied use as a result of Defendant's breach of contract, and was rightfully included in the damages.

Prejudgment interest is to be calculated beginning on "the date of the breach" an continuing "until the date of entry of judgment." *U.S. Playing Card Co. v. the Bicycle Club*, 119 Ohio App.3d 597, 608-09 (1st Dist. May 21, 1997).  Plaintiff argues that November 24, 2013 is the date of Defendant's breach, and that this should be the accrual date in this case for purposes of O.R.C. 1343.03(A).  This date represents the date by which the Defendant was required to comply with Mr. Futhey's original request for indemnification, made on October 25, 2013.  Defendant has offered no alternative date as the alleged date of accrual and the Court finds no reason to find that Plaintiff's requested date is not appropriate.

Plaintiff's Motion for Prejudgment Interest (ECF # 88) is, therefore, granted.  Prejudgment interest is hereby awarded on the amount of $291,658.00, at three percent interest, from November 24, 2013 through November 23, 2016, the date of the Judgment entry in this case.  IT IS SO ORDERED.

    /s/ Donald C. Nugent  
    DONALD C. NUGENT  
    United States District Judge

DATED:  February 10, 2017